IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Statesboro Division

FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Augusta, Georgia
By bgary at 4:10 pm, Aug 03, 2010

| | |
|---|---|
| IN RE: ) | Chapter 13 Case |
| ) | Number <u>09-61072</u> |
| JACKSON D. BAREFORD, SR. ) | |
| ) | |
|     Debtor ) | |
| ) | |
| _____ ) | |
| ) | |
| JACKSON D. BAREFORD, SR. ) | |
| ) | |
|     Debtor/Objecting Party ) | |
| ) | |
| v. ) | |
| ) | |
| AAFES/MIL STAR/EXCHANGE ) | |
| ) | |
|     Creditor/Respondent ) | |

## MEMORANDUM AND ORDER

This matter comes before me on Debtor Jackson D. Bareford's Objection to Claim Number 9 of AAFES/MIL STAR/ EXCHANGE ("Objection"). At issue is whether the proof of claim and supporting documentation filed by AAFES constitutes prima facie evidence of the validity and amount of the claim under Rule 3001 of the Federal Rules of Bankruptcy Procedure ("F.R.B.P."). Because the proof of claim satisfies the documentation requirements of Rule 3001, it meets such prima facie showing.

## BACKGROUND

The Debtor filed a chapter 13 bankruptcy petition on November 18, 2009. (See Dkt. No. 1.) On his Schedule F, the Debtor listed AAFES as a creditor holding an unsecured nonpriority claim owing to credit card debt in the amount of $5,511.00. (Dkt. No. 1 at 17.)

On January 13, 2010, AAFES filed a proof of claim (the "POC") indicating that the Debtor owed AAFES $5,725.43 as of the petition date. (Claim No. 9.) Attached to the POC was a one-page document labeled "Exchange Credit Program Statement Display." (Id. at 2.) Among other things, that document contained a listing of the total amounts of purchases, payments, finance charges, and other transactions from the four months prior to November 13, 2009. (Id.)

On April 14, 2010, the Debtor filed his Objection to AAFES's POC. (See Dkt. No. 37.) The Debtor argued that AAFES "did not attach any sufficient documents to support their [sic] claim or how the balance was computed." (Id. at 1.) AAFES responded to the Objection on May 13, 2010, arguing that the POC was presumptively valid under F.R.B.P. 3001(f). (Dkt. No. 45.)

After hearing on June 7, 2010, I took the matter under advisement.

2

AO 72A
(Rev. 8/82)

## DISCUSSION

A creditor may file a proof of claim in a bankruptcy case pursuant to 11 U.S.C. § 501(a). The requirements for filing a proof of claim are set forth in F.R.B.P. 3001.[1] That rule defines a proof of claim as a "written statement setting forth a creditor's claim," which must "conform substantially" with Official Form 10 (Proof of Claim Form). F.R.B.P. 3001(a).

Official Form 10 requires creditors to record certain information and attach certain documents to the form.[2] Of particular relevance here, paragraph 7 of Official Form 10 requires the creditor to "[a]ttach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running

---

[1] F.R.B.P. 3001 provides in pertinent part:
  **(a) Form and content.** A proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form.
  **(b) Who may execute.** A proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005.
  **(c) Claim based on a writing.** When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.
  . . .
  **(f) Evidentiary effect.** A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.

[2] A properly executed proof of claim form must contain (1) the creditor's name and address, (2) the basis for claim, (3) the amount of claim, (4) the classification of claim, and (5) supporting documentation. See Official Form 10. Previous versions of the form required the creditor to state the date upon which the debt was incurred, see Official Form 10 (10/05), but that requirement was removed, see 2005-2007 Committee Note to Official Form 10.

3

accounts, contracts, judgments, mortgages, and security agreements." Official Form 10. The instructions accompanying Form 10 instruct creditors to "[a]ttach to this proof of claim form redacted copies documenting the existence of the debt . . . ." Id. The instructions further state that the creditor "may also attach a summary." Id.

"When a proof of claim is executed and filed in accordance with the provisions of Rule 3001 (including Official Form 10), it constitutes prima facie evidence of the validity and amount of the claim." Caplan v. B-Line, LLC (In re Kirkland), 572 F.3d 838, 840 (10th Cir. 2009) (citing F.R.B.P. 3001(f)). Once a claim is determined to be prima facie valid, the burden shifts to the objector to "produce evidence sufficient to negate the prima facie validity of the filed claim." In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3rd Cir. 1992); In re DePugh, 409 B.R. 84, 97 (Bankr S.D. Tex. 2009). If the objector is successful in producing sufficient evidence to "negate one or more of the sworn facts in the proof of claim," then the burden shifts to the creditor to prove the validity of the claim by a preponderance of the evidence. In re Allegheny Int'l, Inc., 954 F.2d at 174.

If a creditor fails to provide sufficient evidence to establish the prima facie validity of a claim, then the burden remains on the creditor to prove the validity and amount of the claim by producing "any evidence" of the claim. In re Cluff, 313

4

B.R. 323, 337-38 (Bankr. D. Utah 2004). The objecting party must then present some evidence that the claim is legally deficient. In re Kemmer, 315 B.R. 706, 713 (Bankr. E.D. Tenn. 2004). The burden of persuasion, however, remains with the creditor. In re Allegheny Int'l, Inc., 954 F.2d at 174.

It is not necessary for a creditor to attach a copy of the original credit card agreement in order to satisfy the requirements of Rule 3001. Although some courts have required submission of the original agreement, see In re Relford, 323 B.R. 669, 674 (Bankr. S.D. Ind. 2004); In re Henry, 311 B.R. 813, 817 (Bankr. W.D. Wash. 2004), I am persuaded by the reasoning of those courts that have found inclusion of the original agreement to be unnecessary.

First, the underlying credit card agreement does not create debt; it is the actual use of the credit card that creates the obligation to repay (based upon the terms of the underlying agreement). In re Kemmer, 315 B.R. at 714. Second, requiring a creditor to attach a voluminous original credit card agreement, along with any subsequent amendments, would be unduly burdensome "to both the creditor and those that have to review the claims for their validity, including the Chapter 13 Trustee and [the] debtor's attorney." In re Armstrong, 320 B.R. 97, 105 (Bankr. N.D. Tex. 2005); In re Kemmer, 315 B.R. at 715. Therefore, I

conclude that a creditor may comply with Rule 3001 without submitting a copy of the underlying credit card agreement.

Courts have held that a summary or statement of a debtor's credit card account is sufficient documentation under Rule 3001. See, e.g., In re Curry, 425 B.R. 841, 846 (Bankr. D. Kan. 2010); In re Herron, 381 B.R. 184, 189 (Bankr. D. Md. 2008); In re Armstrong, 320 B.R. at 106; In re Kemmer, 315 B.R. at 716; In re Cluff, 313 B.R. at 335-36. Official Form 10 specifically allows for a summary of voluminous documents. In re Porter, 374 B.R. 471, 480 (Bankr. D. Conn. 2007). I agree that an adequate summary or statement of a debtor's credit card account satisfies the requirements of Rule 3001. The adequacy of a summary or statement should be determined on a case by case basis given that "the information that must be provided may vary from case to case," In re Herron, 381 B.R. at 189; In re Taylor, 363 B.R. 303, 310 (Bankr. M.D. Fla. 2007) (construing Rule 3001(c)'s documentation requirements in conjunction with F.R.B.P. 1001's mandate to "secure the just, speedy, and inexpensive determination of every case and proceeding."). But see, e.g., In re Porter, 374 B.R. at 481 (detailing the precise information that must be included in an account summary).

The POC filed by AAFES satisfies the requirements of Rule 3001. The POC contained the Debtor's name and the account number as well as a summary that sets forth the total amounts of

6

purchases, payments, finance charges, and other transactions from the four months preceding the petition date. (See Claim No. 9 at 2.) This information substantially conforms with the requirement of Official Form 10 that the creditor attach information "documenting the existence of the debt." See Official Form 10.

Because the documentation supporting AAFES's claim complies with Rule 3001, AAFES's POC is prima facie evidence of the validity and amount of the debt owed to AAFES by the Debtor pursuant to Rule 3001(f). At continued hearing, the burden will be on the Debtor to produce evidence that negates the prima facie validity of AAFES's claim.[3] See In re Allegheny Int'l, Inc., 954 F.2d at 173.

**CONCLUSION**

AAFES's proof of claim constitutes prima facie evidence of the validity and amount of its claim. It is therefore **ORDERED** that the Clerk shall schedule the Debtor's Objection to AAFES's proof of claim for continued hearing. At that hearing, the Debtor is required to produce sufficient evidence to negate the

---

[3] This decision does not prevent the Debtor from obtaining information related to specific transactions from AAFES. An objection to a proof of claim initiates a contested matter, which is governed by F.R.B.P. 9014. Ga. Dep't of Revenue v. Mouzon Enters., Inc. (In re Mouzon Enters., Inc.), No. 09-13330, 2010 WL 2680908, at *4 (11th Cir. 2010). Under Rule 9014(c), many of the discovery methods available in adversary proceedings are also available in contested matters, and the Debtor could utilize such methods to compel AAFES to detail its claims in more specificity. Cf. In re Porter, 374 B.R. at 481-82 (suggesting that a creditor's failure to respond to requests for documentation may strip a claim of prima facie validity).

7

prima facie validity of AAFES's claim with the ultimate burden of persuasion, by a preponderance of the evidence, remaining with the creditor.

                                                  _____
                                                  JOHN S. DALIS
                                                  United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this _____ day of August, 2010.